RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 3-15-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

EGIDIO BATISTA, ) Civil Action No.
)
Plaintiff, )
)
v. ) **NOTICE OF REMOVAL**
)
SATA INTERNACIONAL a/k/a SATA )
INTERNATIONAL and AZORES EXPRESS, )
INC., )
) 05-10492 RCL
Defendants. )

MAGISTRATE JUDGE Collings

---

Defendant AZORES EXPRESS, INC., by and through its attorneys, Campbell Campbell Edwards & Conroy, PC, and Condon & Forsyth LLP, hereby removes this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1441(b) on the ground that the claim arises under a treaty of the United States, to-wit, the Warsaw Convention, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C. § 40105 (note).

1. This action was commenced in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, by the filing of a Summons and Complaint on or about February 23, 2005. AZORES EXPRESS, INC. was served with the Summons and Complaint on March 2, 2005. A copy of the Summons and Complaint is annexed hereto as Exhibit "A." No further proceedings have been had in this action.

2. Upon information and belief defendant SATA INTERNACIONAL a/k/a SATA INTERNATIONAL has not yet been served with process in this action.

3. The Complaint seeks damages as the result of personal injuries allegedly sustained by plaintiff while he was a passenger aboard SATA flight 201 from Boston, Massachusetts to Lisbon, Portugal on February 25, 2003. See Complaint, paras. 11-15.

4. Plaintiff alleges, and defendant AZORES EXPRESS agrees, that this action arises out of and is governed by the Warsaw Convention, a treaty of the United States, as amended by the 1966 Montreal Agreement, since the subject flight involved "international transportation" as that term is defined under Article 1 of the Convention. See Complaint, paras. 6-8.

5. Accordingly, the action is properly removable to this Court since it arises under a treaty of the United States, 28 U.S.C. § 1331.

6. Defendant AZORES EXPRESS, INC., is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(b).

WHEREFORE, defendant AZORES EXPRESS, INC. prays that this action now pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, be removed therefrom to this Court.

Dated:   Boston, Massachusetts
         March 15, 2005

AZORES EXPRESS, INC.

By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, PC

*/s/ Kathleen M. Guilfoyle*
Richard P. Campbell, BBO #071600
Kathleen M. Guilfoyle, BBO #546512
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3061

-2-

-and-

CONDON & FORSYTH LLP

*Michael J. Holland (KMG)*
Michael J. Holland, Esq.
7 Times Square
New York, New York 10036
(212) 490-9100

TO:  Anthony Tarricone, Esq.
Stanley D. Helinski, Esq.
Sarrouf, Tarricone & Flemming
Attorneys for Plaintiff
95 Commercial Wharf
Boston, Massachusetts 02110
(617) 227-5800

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mailed on 3/15/05.

*Kathleen M. Thurgood*

-3-