IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x
                                                         )
EGIDIO BATISTA,                                          )   Civil Action No.
                                                         )
                    Plaintiff,                           )
                                                         )
        v.                                               )   **ANSWER OF DEFENDANT**
                                                         )   **AZORES EXPRESS, INC.**
SATA INTERNACIONAL a/k/a SATA                            )
INTERNATIONAL and AZORES EXPRESS,                        )
INC.,                                                    )
                                                         )
                    Defendants.                          )
                                                         )
---------------------------------------------------------x

05-10492 RCL

      Defendant AZORES EXPRESS, INC., by and through its attorneys, Campbell Campbell Edwards & Conroy and Condon & Forsyth LLP, as and for its Answer to the Complaint, states upon information and belief as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1, 16 and 17 of the Complaint.

      2.     Denies the allegations in paragraphs 2, 3, 5, 6, 7, 8, 12 and 13 of the Complaint.

      3.     Denies the allegations in paragraph 4 of the Complaint that defendant SATA INTERNACIONAL (SATA) maintains a usual place of business at Logan International Airport in Boston, Massachusetts but admits that SATA operates international charter flights between the United States and Portugal departing from and arriving at Logan International Airport in Boston, Massachusetts.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

5. Denies the allegations in paragraphs 10 and 14 of the Complaint.

6. Denies the allegations in paragraph 11 the Complaint except admits that SATA operated flight 201 from Logan Airport in Boston, Massachusetts to Portela Airport in Lisbon, Portugal on February 25, 2003.

7. Denies the allegations in paragraph 15 of the Complaint that the injuries sustained by plaintiff constituted an accident within the meaning of Article 17 of the Warsaw Convention.

8. Denies the allegations in paragraphs 18, 19 and 20 of the Complaint.

## AS TO COUNT I

9. Answering paragraph 21 of the Complaint, defendant AZORES EXPRESS, INC. repeats, reiterates and realleges each and every allegation, admission and denial in paragraph 1 though 8 inclusive of this Answer with the same force and effect as if set forth in full herein.

10. The allegations in paragraphs 22, 23 and 24 of the Complaint are not directed to defendant AZORES EXPRESS, INC. and accordingly defendant AZORES EXPRESS, INC. makes no response thereto.

## AS TO COUNT II

11. Answering paragraph 25 of the Complaint, defendant AZORES EXPRESS, INC. repeats, reiterates and realleges each and every allegation, admission and denial in paragraph 1 though 10 inclusive of this Answer with the same force and effect as if set forth in full herein.

12. Denies the allegations in paragraphs 26, 27 and 28 of the Complaint.

### AS AND FOR A FIRST SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

13. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

14. The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are subject to the provisions of the Warsaw Convention. 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C. § 40105 (1997)(note).

15. The liability of defendant AZORES EXPRESS, INC., as the agent of defendant SATA, if any, is limited in accordance with the provisions of the Warsaw Convention, defendant SATA's conditions of carriage and tariffs, and SATA's counterpart to CAB Agreement No. 18900 to an amount not in excess of $75,000.

### AS AND FOR A THIRD SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

16. Defendant AZORES EXPRESS, INC. repeats, reiterates and realleges each and every allegation in paragraph 14 of this Answer with the same force and effect as if herein set forth in full.

17. Defendant AZORES EXPRESS, INC. is not liable for plaintiff's alleged damages because the plaintiff's claimed injuries were not the proximate result of an "accident" on board the aircraft or during the course of any of the operations of embarking or disembarking within

the meaning of Article 17 of the Warsaw Convention.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

18. Defendant AZORES EXPRESS, INC. repeats, reiterates and realleges each and every allegation in paragraph 14 of this Answer with the same force and effect as if herein set forth in full.

19. Defendant AZORES EXPRESS, INC. is not liable to plaintiff for the damages alleged in the Complaint because plaintiff did not sustain bodily injuries as a result of an accident under the Warsaw Convention.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

20. The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant AZORES EXPRESS, INC. had no control at any time relevant hereto, and in the event defendant AZORES EXPRESS, INC. is found liable to plaintiff, which liability is expressly denied, defendant AZORES EXPRESS, INC. will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

21. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of defendant AZORES EXPRESS, INC.

WHEREFORE, defendant AZORES EXPRESS, INC., demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements, and for such other and further relief as this Court may deem just and proper.

Dated:      Boston, Massachusetts
            March 15, 2005

                              AZORES EXPRESS, INC.

                              By its attorneys,
                              CAMPBELL CAMPBELL EDWARDS & CONROY, PC


                              _____
                              Richard P. Campbell, BBO #071600
                              Kathleen M. Guilfoyle, BBO #546512
                              One Constitution Plaza
                              Boston, Massachusetts 02129
                              (617) 241-3061

                                      -and-

                              CONDON & FORSYTH LLP


                              _____
                              Michael J. Holland, Esq.
                              7 Times Square
                              New York, New York 10036
                              (212) 490-9100


TO:   Anthony Tarricone, Esq.           I hereby certify that a true copy of the
      Stanley D. Helinski, Esq.         above document was served upon the
      Sarrouf, Tarricone & Flemming     attorney of record for each party by
      Attorneys for Plaintiff           mail and on 3/15/05
      95 Commercial Wharf
      Boston, Massachusetts 02110
      (617) 227-5800

-5-