IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------x
                                                                )
EGIDIO BATISTA,                                                 )   Civil Action No.
                                                                )   0510492 RCL
                Plaintiff,                                      )
                                                                )
        v.                                                      )   **ANSWER OF DEFENDANT SATA**
                                                                )   **INTERNATIONAL**
SATA INTERNACIONAL a/k/a SATA                                   )
INTERNATIONAL and AZORES EXPRESS,                               )
INC.,                                                           )
                                                                )
                Defendants.                                     )
                                                                )
---------------------------------------------------------------x

       Defendant SATA INTERNATIONAL, by and through its attorneys, Campbell Campbell Edwards & Conroy, P.C. and Condon & Forsyth LLP, as and for its Answer to the Complaint, states upon information and belief as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 9 of the Complaint.

       2.      Admits the allegations in paragraphs 2, 3, 5, 6, 7, 8, 12 and 13 of the Complaint.

       3.      Denies the allegations in paragraph 4 of the Complaint that defendant SATA INTERNACIONAL (SATA) maintains a usual place of business at Logan International Airport in Boston, Massachusetts but admits that SATA operates international charter flights between the United States and Portugal departing from and arriving at Logan International Airport in Boston, Massachusetts.

4.   Denies the allegations in paragraphs 10, 14, 16, 17, 18, 19 and 20 of the Complaint.

5.   Denies the allegations in paragraph 11 the Complaint except admits that SATA operated flight 201 from Logan Airport in Boston, Massachusetts to Portela Airport in Lisbon, Portugal on February 25, 2003.

6.   Denies the allegations in paragraph 15 of the Complaint that the injuries sustained by plaintiff constituted an accident within the meaning of Article 17 of the Warsaw Convention.

## AS TO COUNT I

7.   Answering paragraph 21 of the Complaint, defendant SATA INTERNATIONAL repeats, reiterates and realleges each and every allegation, admission and denial in paragraph 1 though 6 inclusive of this Answer with the same force and effect as if set forth in full herein.

8.   Denies the allegations in paragraphs 22, 23 and 24 of the Complaint.

## AS TO COUNT II

9.   Answering paragraph 25 of the Complaint, defendant SATA INTERNATIONAL repeats, reiterates and realleges each and every allegation, admission and denial in paragraph 1 though 8 inclusive of this Answer with the same force and effect as if set forth in full herein.

10.  The allegations in paragraphs 26, 27 and 28 of the Complaint are not directed to defendant SATA and accordingly SATA INTERNATIONAL makes no response thereto.

**AS AND FOR A FIRST SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

11. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

12. The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention"), and the rights of the parties are subject to the provisions of the Warsaw Convention. 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C. § 40105 (1997)(note).

13. The liability of defendant SATA INTERNATIONAL, if any, is limited in accordance with the provisions of the Warsaw Convention, defendant SATA's conditions of carriage and tariffs, and SATA's counterpart to CAB Agreement No. 18900 to an amount not in excess of $75,000.

**AS AND FOR A THIRD SEPARATE AND
COMPLETE AFFIRMATIVE DEFENSE**

14. Defendant SATA INTERNATIONAL repeats, reiterates and realleges each and every allegation in paragraph 12 of this Answer with the same force and effect as if herein set forth in full.

15. Defendant SATA INTERNATIONAL is not liable for plaintiff's alleged damages because the plaintiff's claimed injuries were not the proximate result of an "accident" on board the aircraft or during the course of any of the operations of embarking or disembarking within the

meaning of Article 17 of the Warsaw Convention.

### AS AND FOR A FOURTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

16.     Defendant SATA INTERNATIONAL repeats, reiterates and realleges each and every allegation in paragraph 12 of this Answer with the same force and effect as if herein set forth in full.

17.     Defendant SATA INTERNATIONAL is not liable to plaintiff for the damages alleged in the Complaint because plaintiff did not sustain bodily injuries as a result of an accident under the Warsaw Convention.

### AS AND FOR A FIFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

18.     The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees or by others unknown at this time over whom defendant SATA INTERNATIONAL had no control at any time relevant hereto, and in the event defendant SATA INTERNATIONAL is found liable to plaintiff, which liability is expressly denied, defendant SATA INTERNATIONAL will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

19.     The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of defendant SATA INTERNATIONAL.

WHEREFORE, defendant SATA INTERNATIONAL demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements, and for such other and further relief as this Court may deem just and proper.

Dated:  April 7, 2005
        Boston, MA

SATA INTERNATIONAL,

By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, PC


/s/ Kathleen M. Guilfoyle
Richard P. Campbell, BBO #071600
Kathleen M. Guilfoyle, BBO #546512
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3061

-and-

Michael J. Holland, Esq.
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
(212) 490-9100

Attorneys for Defendant SATA Internacional
a/k/a SATA International

TO:    Anthony Tarricone, Esq.
        Stanley D. Helinski, Esq.
        Sarrouf, Tarricone & Flemming
        Attorneys for Plaintiff
        95 Commercial Wharf
        Boston, Massachusetts 02110
        (617) 227-5800

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mailed on 4/7/05.

*[signature: Kathleen M. Guilfoyle]*